**4**

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re

LORENZO JACKSON and EMO AOESE TAULAGA-JACKSON,

      Debtors.

Case No. 23-24304
Chapter 7

---

NIKKI B. FARRIS, Chapter 7 Trustee,

      Plaintiff,

      v.

SUNNOVA TE MANAGEMENT LLC,

      Defendant.

Adversary Case No. Endorsed Above.

**COMPLAINT AGAINST SUNNOVA TE MANAGEMENT LLC**

Plaintiff Nikki B. Farris ("Trustee"), in her capacity as the Chapter 7 Trustee for the bankruptcy estate of LORENZO JACKSON and EMO AOESE TAULAGA-JACKSON (collectively "Debtors"), for her complaint against Sunnova TE Management LLC ("Sunnova") alleges the following:

### JURISDICTION, VENUE AND THE PARTIES

1.     Jurisdiction is proper pursuant to 28 U.S.C. § 1334(b) in that this is a civil proceeding arising in a parent bankruptcy case.

/ / /

4907-6284-4045.1 014992.010                    1
COMPLAINT AGAINST SUNNOVA TE MANAGEMENT LLC

2.      Venue is proper pursuant to 28 U.S.C. § 1409(a) in that this adversary proceeding arises in a parent bankruptcy case pending in this judicial district.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (K) in that this is a proceeding to determine the extent of the lien of Sunnova.

4.      The Trustee is the duly appointed Chapter 7 trustee for the bankruptcy estate of the Debtors.

5.      Sunnova is a Delaware corporation duly authorized to do business in the State of California, with its principal place of business in Houston, Texas.  Sunnova held a solar lease against certain real property generally located at 984 N Pico Ave., San Bernardino, CA 92411, APN: 0130-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 ("Subject Property").

## GENERAL ALLEGATIONS

**A.      The Partition Action and the Sale**

6.      On or about November 30, 2023, the Debtors commenced the above-captioned bankruptcy case by the filing of a voluntary Chapter 7 petition.  The Trustee is the duly appointed Chapter 7 trustee for the Debtors' bankruptcy estate.

7.      Among the scheduled assets of the Debtors' bankruptcy estate is the Debtors' interest in the Subject Property, valued at $400,734.00 and subject to liens aggregating $127,971.00.

8.      Prepetition, on or about June 1, 2022, the debtor Emo Aoese Taulaga-Jackson ("E. Jackson") was named as a defendant in *Diallo Jackson v. Emo Jackson, an individual, Rashad Jamal, an individual* and known as Superior Court of the State of California, County of San Bernardino, Case No. CIVSB2210843 ("Partition Action"), a lawsuit seeking to sell the Subject Property.  The Partition Action was commenced by Diallo Jackson ("D. Jackson"), who alleged that D. Jackson, the debtor Emo Jackson ("E. Jackson"), and Rashad Jamal ("R. Jamal") were conveyed title to the Subject Property in 1991 by Wilbert Jackson (the former spouse of E. Jackson).

9.      In the Partition Action, D. Jackson further alleged that there was a cloud on title and sought to clear title against Robert J.T. Jackson.

10.     The Trustee removed the Partition Action to the bankruptcy court on or about February 26, 2024 ("Adversary Proceeding").  After negotiating with D. Jackson and R. Jamal, the

4907-6284-4045.1 014992.010                    2
COMPLAINT AGAINST SUNNOVA TE MANAGEMENT LLC

parties entered into an agreement that, among other things, provided: (a) the Subject Property is property of the bankruptcy estate under section 541(a); (b) the Trustee is authorized to prosecute the claims provided in the Adversary Proceeding to clear title; (c) the Trustee may market and sell both the bankruptcy estate's interest and the interests of D. Jackson and R. Jamal in the Subject Property; and (d) the net proceeds of any sale of the Subject Property (including after costs of sale, clearing title, and any liens) are to be distributed by the Trustee according to their respective interests and after further agreement and order of the court ("Stipulation"). The Stipulation was approved by the Court by order entered on August 27, 2024.

11. On or about June 16, 2025, judgment was entered in favor of the Trustee in the Adversary Proceeding for quiet title of the Subject Property, determining that the Subject Property was property of the Debtors' bankruptcy estate, and determining that Robert J.T. Jackson had no interest in the Subject Property ("Judgment"). The Judgment was subject to the terms of the Stipulation.

**B.     The Lease**

12. The Subject Property was subject to a solar lease held by Sunnova ("Lease") that the title company needed cleared to close escrow on any sale.

13. The Lease was entered into by the Debtor. To that end, Sunnova recorded Document Nos. 2022-0238107 and 2022-0164245 to identify the solar leases. The notices recorded provided that the notice does not constitute a title defect, lien or encumbrance against the real property in accordance with California Public Utilities Code section 2869(c). Sunnova only owned solar panels.

14. The Trustee did not assume the Lease, and the Lease was rejected by operation of law under 11 U.S.C. section 365.

**C.     The Sale of the Subject Property**

15. On or about October 29, 2025, the Court entered an order granting KMT-6, the Trustee's motion to sell the Subject Property free and clear of the lien of Sunnova. The order provided that "any interest" of Sunnova "shall attach to the proceeds of the sale with the same priority and validity as before the sale."

/ / /

16. Sunnova had no security interest in the Subject Property, and only owned the solar panels. The Trustee took extensive efforts to communicate with Sunnova to no avail.

17. The sale for the Subject Property closed.

**FIRST CLAIM FOR RELIEF**

**Declaratory Relief in Conjunction with 11 U.S.C. sections 365 and 552**

18. The Trustee re-alleges and incorporates by reference paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Sunnova does not nor has ever held a secured claim against the Subject Property or its proceeds. Indeed, Sunnova's own recorded notice states that the notice does not constitute a title defect, lien or encumbrance against the real property in accordance with California Public Utilities Code section 2869(c). Likewise, any lease entered into with Sunnova has been rejected by operation of law under 11 U.S.C. section 365. With respect to the Subject Property's proceeds which were collected post-petition after the sale, 11 U.S.C. section 552(a) provides that no lien attaches to the post-petition property acquired. The free and clear sale was only sought in order to close escrow at title's request.

20. Sunnova has failed to adequately respond to the Trustee's claims, and the Trustee requires a judgment determining that Sunnova has no claim to the Subject Property or its proceeds.

**WHEREFORE,** the Trustee prays that the Court issue a judgment:

1. Determining that Sunnova does not nor has ever held a secured claim against the Subject Property or its proceeds, and that the proceeds from the sale of the Subject Property is free of any claim of Sunnova.

2. For such other and further relief as the Bankruptcy Court deems necessary and proper.

DATED: February 11, 2026

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
        Gabriel P. Herrera
        Attorneys for NIKKI B. FARRIS,
        Chapter 7 Trustee